PRATT, J., concurred.

Order reversed, with costs.

62  238
131a 456

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF PATIENCE C. LOGAN AND OTHERS, AS EXECUTORS OF WILLIAM J. LOGAN, DECEASED.

*Will — who are the " legatees mentioned " in the residuary clause.*

In the will of a testator seven persons were named as legatees; the widow, a nephew and four sisters received absolute gifts, but as to the fifth sister, the gift was of a life estate in personal property, with remainder over to her two children. The legacies were all made payable out of the personal estate. After their payment and the conversion of the estate into money, the residue thereof was directed to be divided " to and among the legatees mentioned in this my will, to whom I hereby give and bequeath the same, share and share alike.".

*Held*, that it was the intention of the testator to divide said residue into sevenths, of which the fee of one share went absolutely to the fifth sister, and that the two children of the fifth sister were not " legatees " in the sense that they were entitled to share with the other legatees in the division of the residue of the estate.

APPEAL by Patience C. Logan, as executrix, and William E. Keyes and William Logan, as executors of the will of William J. Logan, deceased, from so much of a decree, entered in the office of the clerk of the Surrogate's Court of Kings county on the 18th day of June, 1891, as ordered, in regard to a balance shown by said decree to be in the hands of said executors for distribution, that the executors do divide the balance then remaining, to wit: the sum of eleven thousand three hundred and two and $\frac{69}{100}$ dollars into nine (9) equal parts; that they pay one of said parts, namely, the sum of twelve hundred and fifty-five $\frac{85}{100}$ dollars to Patience C.

Logan; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{85}{100}$ dollars to Ann E. Farley; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{85}{100}$ dollars to Mary Isabella Cumming; that they pay another of said parts, namely, the sum of twelve hundred fifty-five $\frac{85}{100}$ dollars to Eleanor S. Keyes; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{85}{100}$ dollars to William Logan; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{85}{100}$ dollars to Adaline B. Logan; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{86}{100}$ dollars to Jane Clanny; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{86}{100}$ dollars to Mary Eliza Clanny; that they pay another of said parts, namely, the sum of twelve hundred and fifty-five $\frac{86}{100}$ dollars to Eleanor Rockfellow.

*Daniel G. Rollins*, for the executors, etc., appellants.

*William D. Veeder*, for Jane Clenny and others, respondents.

BARNARD, P. J.:

The testator William J. Logan died leaving real and personal estate. By his will certain real estate and personal property is given to the widow in lieu of dower. A money legacy of $8,000 is given to a nephew, and a legacy of a similar amount is given to four sisters. By the fifth clause of the will there is a gift of a life estate in a similar sum to another sister, Jane Clenny, with a gift over, after the end of the life estate, to the two children of Jane Clenny, Eleanor and Jane Eliza Clenny. All these legacies are made payable out of the personal estate. By the thirteenth clause of the will the rest, residue and remainder of the estate was to be sold, and after paying the several legacies in full to divide such remaining sum, if there should be any, " to and among the legatees mentioned in this my will, to whom I hereby give and bequeath the same, share and share alike." The question is whether the Jane Clenny family take their share in this residue as only one. There is nothing in the will from which it can be inferred that the testator intended to treat the share to be given to his sister Jane in any different way from the other legacies, except that Jane's share was given for life,

with remainder to her children, and the other shares were given absolutely.

Strictly speaking, Jane and each of her children were legatees, but not such under the words and meaning of the will. In the same clause, thirteenth, the testator directs the payment of the "several legacies," and of the aforesaid legacies, which words only cover the amount of $8,000 to Jane, and then he speaks of his division among the legatees mentioned in the will. The evident intent is that the Jane Clenny share is one legacy, and she is the only legatee intended to be embraced in this first residuary clause. The judgment should, therefore, be so modified as to divide the estate in seven parts, and directing that Jane Clenny take the one-seventh thereof.

The executor has no right to keep this residue for Mrs. Clenny, as the trust is as to the $8,000 only. The children have no right to this residue as none is given them in any fund, except the remnant of the $8,000.

Judgment modified, with costs to all parties out of the estate.

PRATT, J., concurred.

Decree modified so as to divide the estate in seven parts, and that Jane Clenny have one part. Costs to all the parties out of the estate. Order to be settled by Justice BARNARD.